UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **AZIZI KHALIFA ABDALLAH,** § § § *Plaintiff* § § v. § **CASE NO.: 4:23-cv-00036** § **STOKES TRUCKING, L.L.C.,** § § § *Defendant* § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW, Plaintiff Azizi Khalifa Abdallah, suing Defendant Stokes Trucking, L.L.C. In support of their claims, Plaintiffs respectfully state:

### NATURE OF THE ACTION

1) This is a personal injury case brought by the Plaintiff, Azizi Khalifa Abdallah (Azizi Abdallah) who was side swiped by an eighteen-wheeler truck driven by David Morris, an employee of Stokes Trucking L.L.C. on December 14, 2021. Plaintiff claims negligence in the operation of the eighteen-wheeler.

### JURISDICTION AND VENUE

2) Defendant, Stokes Trucking, LLC ("Stokes Trucking") is a limited liability trucking company organized and existing under the laws of the State of Utah and located in Tremonton, Utah. Stokes Trucking's principal place of business, offices, and distribution center are all located in Tremonton, Utah and all of the members of the Defendant are

residents are citizens of the state of Utah and reside in that state. Plaintiff can find no place of business for Stokes Trucking in Texas. Accordingly there is complete diversity between Plaintiff Azizi Abdallah and Defendant Stokes Trucking, LLC pursuant to the provisions of Title 28, Section 1332 of 28 U.S.C. §1332(a). Venue is proper pursuant to 28 U.S.C. §1391 because the events made the basis of this lawsuit occurred within the geographical boundaries of the United States District Court for Northern District of Texas, Fort Worth Division.

## STATEMENT OF FACTS IN SUPPORT OF CLAIMS

3) Plaintiff's name is Azizi Khalifa Abdallah. He is a thirty-one-year-old male residing in Ft. Worth, Texas.

4) On December 14, 2021, in the early evening, Plaintiff was proceeding lawfully and prudently southward on Interstate 35W, towards his exit at Sycamore School Rd., in Tarrant County, Texas. Plaintiff's, then two-year old son, was a passenger in the car. At that time and place, Defendant's eighteen-wheel truck, driven by David Morris departed from his lane of travel, suddenly and without warning, and sideswiped the automobile in which the Plaintiff and his son were riding. The impact lifted Plaintiff's vehicle partially up off the road and extensively damaged the driver's side of Plaintiff's vehicle. After the Plaintiff's vehicle was dropped back on the road, Plaintiff hit his left knee on the driver side panel. When it became apparent that the truck had hit and run, Mr. Abdallah followed for several miles into Burleson, Texas, flashing the lights of his car, until the truck finally pulled over and stopped.

## LEGAL CLAIM

5) At the time and on the occasion in question Defendant was negligent in that its driver failed to operate the truck in a reasonably prudent matter. Among other things:

   a) The truck unlawfully moved into Plaintiff's lane and side-swiped Plaintiff's vehicle;

   b) Failed to maintain a proper lookout;

   c) Failed to steer the truck away from violent contact with Plaintiffs' vehicle; and

   d) Failed to warn Plaintiff of the danger of the sideswipe by the oncoming truck.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays upon trial of this matter, Plaintiffs be granted the following:

   a) damages for loss of earning capacity sustained by Plaintiff in the past;

   b) damages for loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

   c) damages for physical pain and mental anguish sustained by Plaintiff in the past;

   d) damages for physical pain and mental anguish that in reasonable probability Plaintiff will sustain in the future;

   e) damages for physical impairment of Plaintiff in the past;

   f) damages for physical impairment of Plaintiff in the future.

   g) damages for medical care expenses of Plaintiff sustained in the past;

   h) damages for medical care expenses that in reasonable probability Plaintiff will sustain in the future;

   i) pre-judgment and post judgment interest as allowed by law; and

j)  any other relief, in law or in equity, to which Plaintiff show themself justly entitled.

Respectfully submitted,

*/s/ John E. Schulman*
**John E. Schulman, Esq.**
State Bar No. 17833500
jschulman@schulmanlaw.com
**Margaret K. Schulman, Esq.**
State Bar No. 17833900
mschulman@schulmanlaw.com
**THE SCHULMAN LAW FIRM, P.C.**
6440 N. Central Expressway, Suite 210
Dallas, TX 75206
Tel: 214-361-2580
Fax: 214-361-6580

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic filing on this day, the 20th of January 2023:

Edward A. Davis
Edward.Davis@lewisbrisbois.com

Nicole Zerunyan
Nicole.Zerunyan@lewisbrisbois.com

*/s/ John E. Schulman*